**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CIVIL ACTION — LAW**

NICOLE L. SMITH,

                       Plaintiff,

      vs.                              No.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

                    Defendant.

**COMPLAINT**

AND NOW, comes the Plaintiff, NICOLE L. SMITH, by and through her

attorneys, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C.,

and files this Complaint in Civil Action in the United States District Court for the Western

District of Pennsylvania, as follows:

**INTRODUCTION**

**NATURE OF THIS ACTION**

1.      This action is filed pursuant to the Employment Retirement Income

Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and

the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Nicole L. Smith

(Hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter

referred to as "The Plan").  The Plan is governed by ERISA.  Plaintiff is a beneficiary

under the Plan.  This Complaint challenges the Plan's unlawful practice of failing to

provide Plaintiff with the timely payment of long term disability benefits under the Plan.

- 2 -

Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2.      This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3.      Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4.      The Plaintiff, Nicole L. Smith, resides at 131 East Peach Street, Connellsville, Pennsylvania, Fayette County.

5.      The Defendant, is Hartford Life and Accident Insurance Company (hereinafter "The Hartford"), is located at 200 Homeadow Street, Simsbury, Connecticut, 06089.

6.      The employer and policy holder is BAE Systems, Inc, a corporation with an address at 1601 Research Boulevard, Rockville, Maryland 20850.

7.      The Plan designates The Hartford to administer and pay claims under the Plan, pursuant to the terms of the Plan.

## STATEMENT OF FACTS

8.      Ms. Smith was employed by BAE Systems, Inc as a Shop Technician. She was last physically present for work on August 28, 2009.

9.      Plaintiff received Long-Term Disability benefits under the policy from February 22, 2010 through June 10, 2015. The Plaintiff was found disabled by the Defendant through both a period of "own occupation" and "any occupation" definitions of disability under the Plan.

10.     The Plaintiff is receiving Social Security Disability benefits in a continued and uninterrupted fashion from the Social Security Administration. The Plaintiff was awarded Social Security Disability Insurance benefits under the age of 50, as the Social Security Administration found that she could not work in any full-time substantial gainful employment. Age and transferable skills were not a factor in the decision to award SSDI benefits by the Social Security Administration.

11.     By letter dated June 12, 2015, the Defendant informed the Plaintiff that her claim for continued Long-Term Disability benefits was being denied.

12.     The Plaintiff filed a subsequent and final internal administrative appeal by letter dated September 8, 2015.

13.     The Defendant issued a final administrative denial on this claim for the continued receipt of Long-Term Disability benefits on December 30, 2015.

## CAUSE OF ACTION

14.    Paragraphs 1 through 13 are incorporated herein as if the same were set forth at length.

15.    Plaintiff has exhausted all administrative remedies as required by the Plan and ERISA.

16.    At all times relevant to this action, the Plaintiff has been prevented from performing one or more of the Essential Duties of Any Occupation due to her  medical conditions, mainly due to pain and the physical limitations caused by her neck and back diagnoses.

17.    The Defendants decision to deny ongoing benefits is  internally inconsistent as they denied the Plaintiff's claim without  a change in her medical condition.

18.    The Defendant failed to properly apply the applicable definition of disability in this case.

19.     The Defendant failed to conduct an appropriate Vocational Review of the evidence.

20.    The Defendant failed to conduct a full and fair review of the claim as required under ERISA regulations by issuing an untimely decision.

## PRAYER FOR RELIEF

(1)     Awarding, declaring or otherwise providing Plaintiff all relief to which

Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2)     Awarding pre and post judgment interests;

(3)     Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4)     Awarding such other relief as may be just and reasonable.


/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:       (724) 837-0080
Fax:         (724) 837-1348
E-mail:      bpb@qrglaw.com

Dated:  March 15, 2017.